1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

11

## SOUTHERN DISTRICT OF CALIFORNIA

12

NICHOLAS ANDREWS,

CASE NO. 13-cv-2262-CAB (JMA)

13

Plaintiff,

ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT

14

vs.

15

SALLIE MAE, INC., and DOES 1
through 100,

[Doc. No. 18]

16

Defendants.

17

18          This matter comes before the court on defendant's motion for partial summary

19   judgment. [Doc. No. 18.] Plaintiff responded in opposition, defendant replied, and the

20   parties filed a joint statement of undisputed facts.  [Doc. Nos. 23, 27, 26.]   On

21   November 19, 2014, the court heard argument.  For the reasons set forth below,

22   defendant's motion is granted.

23                          STATEMENT OF THE CASE

24          Plaintiff Nicholas Andrews filed his complaint in state court on August 15, 2013.

25   [Doc. No. 1-2.]  He sues Sallie Mae, Inc. ("defendant") for violation of California's

26   Rosenthal Fair Debt Collection Practices Act, for violation of the federal Telephone

27   Consumer Protection Act (TCPA), 47 U.S.C. § 227, and for intrusion.  On September

28   20, 2013, defendant removed the action here.

1    Plaintiff alleges that defendant called his cell phone 100 times in the year
2    preceding his filing of the complaint, and 3000 times in the preceding four years.  [*Id.*
3    ¶¶ 13–14.]  Plaintiff further alleges that he told defendant on numerous occasions that
4    he did not consent to the calls.  [*Id.* ¶ 15.]  As a remedy, plaintiff demands $1,500 in
5    statutory damages for each call, attorney's fees, and costs.  [*Id.* at p.11.]

6    On April 9, 2014, defendant moved for partial summary judgment on plaintiff's
7    TCPA claim, to the extent the claim arises from calls placed prior to September 17,
8    2012.  [Doc. No. 7.]  Defendant argued that a class action settlement in a prior case,
9    *Arthur v. Sallie Mae, Inc.*, Case. No. 10-cv-198-JLR (W.D. Wash) ("*Arthur*"), barred
10   recovery for calls defendant made prior to September 17, 2012.  Plaintiff did not oppose
11   defendant's motion.  Instead, plaintiff and defendant jointly moved the court to enter
12   partial summary judgment of dismissal of plaintiff's TCPA claim, to the extent plaintiff
13   sought recovery for calls placed prior to September 17, 2012.  [Doc. No. 12.]  The court
14   granted the parties' motion and dismissed plaintiff's TCPA claim with respect to calls
15   placed prior to September 17, 2012.  [Doc. No. 13.]

16   On September 12, 2014, defendant filed its pending motion for partial summary
17   judgment.  [Doc. No. 18.]  Defendant asks the court to hold that, as a result of the
18   *Arthur* settlement, plaintiff "is deemed to have provided prior express consent as of
19   September 17, 2012 to receive calls through the use of an automated dialing system
20   and/or an artificial or prerecorded voice."  [*Id.* at 2.]

21                      STATEMENT OF THE UNDISPUTED FACTS

22   Most of the facts relevant to defendant's motion relate to the *Arthur* class action.
23   On February 2, 2010, Mark Arthur filed a putative class action in the United States
24   District Court for the Western District of Washington, against Sallie Mae, for violations
25   of the TCPA.  *See* Case No. 2:10-cv-198-JLR, Doc. No. 1 (W.D. Wash. February 2,
26   2010).  The named parties in *Arthur* reached a settlement and signed an Amended
27   Settlement Agreement in October 2011.  [Doc. No. 18-4 at 2.]  The Agreement states
28   that any settlement class member who "does not submit a valid and timely Revocation

1  Request will be deemed to have provided prior express consent to the making of Calls

2  by Sallie Mae or any other affiliate or subsidiary of SLM Corporation to any phone

3  numbers reflected in such entities' records." [*Id.* at 11.]  On April 3, 2012, the *Arthur*

4  court issued an order preliminarily approving the class settlement and directing notice

5  to absent class members.  [Doc. No. 26 ¶ 2; Doc. No. 18-5 at 2.]

6       Plaintiff was a member of the *Arthur* settlement class.  [Doc. No. 26 ¶ 1.]  On

7  April 15, 2012, the settlement administrator emailed notice of the *Arthur* settlement to

8  plaintiff.  [Doc. No. 18-2 ¶ 5.]  The notice informed plaintiff that "Sallie Mae has

9  agreed to stop making automated calls to the cell phones of Class Members *who file a*

10  *valid revocation request*." [Doc. No. 18-2 at 6] (emphasis added).  The notice informed

11  plaintiff how to submit a Revocation Request and cautioned:  "**If you do nothing**, you

12  will not stop the automated calls nor [sic] receive any monetary award, and you will

13  also lose the right to sue." [*Id.* at 7] (emphasis in original).  Plaintiff did not opt out of

14  the *Arthur* class settlement and did not submit a Revocation Request to the settlement

15  administrator.  [Doc. No. 26 ¶¶ 5, 9.]

16       On September 17, 2012, the *Arthur* court entered a Settlement Order and Final

17  Judgment.  [*Id.* ¶ 10; Doc. No. 18-6.]  The Final Judgment incorporates the provisions

18  of the parties' Amended Settlement Agreement and defines the Settlement Class as:

19       All persons to whom, on or after October 27, 2005 and through September
20       14, 2010, Sallie Mae, Inc. or any other affiliate or subsidiary of SLM
     Corporation placed a non-emergency telephone Call to a cellular telephone
21       through the use of an automated dialing system and/or an artificial or
     prerecorded voice.  Excluded from the Amended Settlement Class are . .
22       . all persons who validly request exclusion from the Settlement Class.

23  [Doc. No. 18-2 ¶ 6.]

24       The Final Judgment further states that "each Settlement Class Member . . . will

25  be deemed to have fully released and forever discharged Sallie Mae . . . as of the date

26  of the Final Approval Order . . ." for claims that arise out of the Telephone Consumer

27  Protection Act.  [*Id.* ¶ 9.]

28

DISCUSSION

A.   Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp.*, 477 U.S. at 324). Inferences drawn from the underlying facts are viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

B.   Analysis

Defendant asks the court to find as a matter of law that plaintiff is deemed to have provided prior express consent, as of September 17, 2012, to receive calls from defendant made through the use of an automated dialing system and/or an artificial or prerecorded voice. [Doc. No. 18 at 2.]

In his opposition to defendant's motion, plaintiff first argues that there is a genuine dispute of fact as to whether he was a member of the *Arthur* class. Yet plaintiff subsequently acknowledges in the parties' joint statement of undisputed facts that he "is a member of the settlement class in the class action known as [*Arthur*]." [Doc. No. 26 ¶ 1.]

Next, plaintiff challenges the *Arthur* court's authority to approve the *Arthur* class settlement's provision relating to prior express consent. Namely, plaintiff argues that

13cv2262

1   he cannot be deemed to have given his prior express consent to automated calls from
2   defendant as of September 17, 2012, because this would conflict with a Federal
3   Communications Commission Declaratory Ruling, *In the Matter of Rules &*
4   *Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559,
5   564 (2008).

6       But the court does not find that the *Arthur* settlement conflicts with FCC
7   precedent.  The FCC has repeatedly held that "persons who knowingly release their
8   phone numbers have in effect given their invitation or permission to be called at the
9   number which they have given, absent instructions to the contrary." *Id.* (quoting *In the*
10  *Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7
11  F.C.C. Rcd. 8752 (1992)).  Here, plaintiff received notice of the *Arthur* settlement,
12  including of the consequence that if he did not opt out or submit a Revocation Request,
13  he would "not stop the automated calls" and would "also lose the right to sue." [Doc.
14  No. 18-2 at 7.]  By failing to opt out or submit a Revocation Request, plaintiff
15  knowingly released his number to defendant and permitted defendant to call him.

16      If plaintiff had objections to any terms of the *Arthur* settlement, he could have
17  done what the settlement notice instructed him to do: opt out or raise objections.  [*Id.*
18  at 6.]  Absent a showing of a Due Process violation—which plaintiff here does not
19  assert—plaintiff cannot now collaterally attack the Western District of Washington's
20  approval of the *Arthur* class settlement.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S.
21  797, 811-812 (1985).  As the United States District Court for the Southern District of
22  Florida held in addressing a similar argument from another *Arthur* class member:

23      Whether the *Arthur* court had the authority to approve the revocation
        request procedure is not properly brought before this Court. That issue
24      could have been addressed upon an appeal from the Arthur Settlement
        Order and Final Judgment. In the absence of a reversal of this Order and
25      Judgment on appeal, it remains binding upon Plaintiff and is determinative
        of the motion before this Court.
26

27  *Fostano v. Pioneer Credit Recovery, Inc.*, No. 13-80511-CIV, 2014 WL 657680, at *4
28  (S.D. Fla. Feb. 20, 2014).

1    Plaintiff also argues that the *Arthur* settlement does not preclude claims for
2   violations of the TCPA occurring after September 14, 2010, because the *Arthur* class
3   applied only to persons who received automated calls on their cell phones from Sallie
4   Mae between October 27, 2005 and September 14, 2010. [Doc. No. 18-2 ¶ 16.] To the
5   court's bewilderment, this argument directly conflicts with the parties' earlier joint
6   motion for partial summary judgment, in which the parties moved the court "to enter
7   partial judgment of dismissal as to [plaintiff's TCPA claim], barring [p]laintiff's
8   recovery for telephone calls placed by [d]efendant prior to September 17, 2012." [Doc.
9   No. 12 ¶ j.] The parties explained that this relief was justified because, while the *Arthur*
10  class period ended September 14, 2010, the Final Judgment stated that all class
11  members released all TCPA claims against Sallie Mae arising as of the date of the Final
12  Judgment, September 17, 2012. [*Id.* ¶ i.] Presumably, plaintiff forgot that he joined
13  this prior motion, which the court granted. [Doc. No. 13.]

14    Finally, plaintiff contends that, even if he is deemed to have given his prior
15  express consent to defendant's automated calls to his cell phone as of September 17,
16  2012, he subsequently revoked that consent. Plaintiff supports this argument with his
17  declaration, in which he states, "I have repeatedly revoked any consent [defendant] had
18  over and over again. I orally revoked consent many times prior to 9/10/201 [sic], in
19  between 9/10/2010 and 9/17/2012 *and after 9/17/2012*." [Doc. No. 23-2 ¶ 5] (emphasis
20  added).

21    Defendant responds that the issue of whether plaintiff revoked his consent after
22  September 17, 2012 is not before the court. Rather, defendant only seeks partial
23  summary judgment that plaintiff is deemed to have given his prior express consent as
24  of September 17, 2012. Thus, defendant acknowledges that, with respect to plaintiff's
25  TCPA claim, a factual issue remains as to whether plaintiff revoked his prior express
26  consent subsequent to September 17, 2012.

27                                    CONCLUSION
28    For the reasons set forth above, defendant's motion for partial summary judgment

[Doc. No. 18] is **GRANTED**.  Plaintiff is deemed to have given his prior express consent to defendant's automated calls as of September 17, 2012.  A genuine dispute of material fact remains as to whether plaintiff subsequently revoked his consent.

**IT IS SO ORDERED.**

DATED:  November 20, 2014

_____
**CATHY ANN BENCIVENGO**
United States District Judge